## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| **STEVIE BURNEY** | **C.A. NO.: 3:23-cv-1779** |
| **VERSUS** | **JUDGE:** |
| **MADISON PARISH HOSPITAL SERVICE DISTRICT D/B/A MADISON PARISH HOSPITAL; DR. DONALD PERRY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; FELICIA WILLIAMS, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; AND RSUI INDEMNITY COMPANY** | **MAG. JUDGE:** |

## **COMPLAINT**

Stevie Burney, through undersigned counsel, files this Complaint and respectfully represents:

1.

Complainant is an individual of the full age of majority and a resident of Madison Parish, Louisiana.

2.

The Defendants are:

    A.    Madison Parish Hospital Service District d/b/a Madison Parish Hospital (hereinafter "Defendant Hospital"), located at 900 Johnson Street in Tallulah, Louisiana.

    B.    Dr. Donald Perry (hereinafter "Defendant Perry"), individually and in his official capacity as CEO of Madison Parish Hospital, a resident of the full age of majority of Madison Parish, Louisiana.

  C. Felicia Williams (hereinafter "Defendant Williams"), individually and in her official capacity as Chief Legal Counsel of Madison Parish Hospital, a resident of the full age of majority of Madison Parish, Louisiana.

  D. RSUI Indemnity Company (hereinafter "RSUI"), a foreign company authorized to do and doing business in Louisiana. Defendant Hospital is a named insured under an insurance policy issued by RSUI.

3.

Jurisdiction is founded herein pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1367 granting supplemental jurisdiction over Complainant's state law claims. Venue is proper in this judicial district as the actions complained of and described herein occurred within this judicial district.

4.

This lawsuit is brought pursuant to 42 U.S.C. §1983; 42 U.S.C. §1985; 42 U.S.C. §1988; the 1st and 14th Amendments to the United States Constitution; the False Claims Act anti-retaliation provision, 31 U.S.C. §3730(h), and the corresponding Louisiana provision, La. R.S. § 46:439.1; Louisiana anti-reprisal law, La. R.S. 23:967; and Louisiana contracts law.

5.

In 2018, Complainant began her employment with Defendant Hospital as a Nurse Practitioner ("NP"). Complainant had an employment contract that carried over on a yearly basis. Complainant was paid on a salary basis at first but was changed to hourly pay. As an NP, Complainant provided nursing care and medical condition management services to hospital patients under the supervision of a practicing physician.

6.

At all pertinent times, Complainant was an employee of Defendant Hospital within the meaning and intent of federal and Louisiana law. At all pertinent times, Defendant Hospital was Complainant's employer within the meaning and intent of federal and Louisiana law.

7.

At all pertinent times, Dr. Donald Perry was the Chief Executive Officer of Defendant Hospital, was an agent and employee of Defendant Hospital, and was Complainant's manager with immediate and successively higher authority over Complainant's employment.

8.

At all pertinent times, Felicia Williams was Chief Legal Counsel of Defendant Hospital, was an agent and employee of Defendant Hospital, and was Complainant's manager with immediate and successively higher authority over Complainant's employment.

9.

Beginning in October 2022, Complainant reported and complained about illegal conduct by another Nurse Practitioner named Lataya Tacha Freeman-Ross ("NP Ross"). On several occasions, Complainant disclosed to various managerial employees of Defendant Hospital that NP Ross had been committing violations of law including without limitation Medicare/Medicaid fraud, medical records fraud, and theft of public funds. Then on or about October 29, 2022, Complainant submitted letters disclosing violations of law to the Medicaid Fraud Unit of the Louisiana Department of Health and the Legislative Auditor's Office. On or about November 4, 2022, Complainant also submitted letters reporting illegal conduct to the Office of Inspector General with the U.S. Department of Health & Human Services and to the Louisiana Board of Nursing. Complainant had several conversations with governmental agencies, including an in-

person meeting with Steven Cooper of the OIG on December 2, 2022. Several managers and supervisors of Defendant Hospital were aware that Complainant had reported violations of law to governmental authorities.

10.

NP Ross violated both state and federal laws in numerous ways, including without limitation the following: NP Ross committed multiple instances of insurance fraud by ordering unnecessary visits, tests, treatment, and medications for patients. NP Ross violated the standard of care by seeing excessive numbers of patients in a single day. NP Ross signed off on multiple charts that were incomplete in order to receive bonus payments which she did not actually earn. On or about August 8, 2022, NP Ross was terminated for premature signing of medical charts. However, she was reinstated on October 14, 2022, after two long-time Hospital Board members were replaced by the Police Jury with two unqualified individuals who voted for her reinstatement. Soon thereafter, NP Ross was paid $30,000.00 by Defendant Hospital to cover the legal fees reportedly owed to NP Ross's attorney, Defendant Williams, without an itemized receipt, and Defendant Williams was also hired as Chief Legal Counsel at a salary of over $200,000 for six years with, upon information and belief, no hospital administrative experience. Defendant Hospital also fired the CEO and replaced him with Defendant Perry.

11.

On or about December 20, 2022, Complainant sent notice via email and certified mail to several management-level employees of Defendant Hospital and to all Hospital Board members (hand-delivered to Dr. Perry), reporting and complaining about the illegal harassment and retaliation she was experiencing because of her previous protected activity regarding disclosure of illegal activity to Defendant Hospital and governmental authorities. On January 7 and 8, 2023, she

also sent letters to the Office of Inspector General and the Attorney General's office regarding the unlawful conduct.

12.

Immediately following her protected activity, Complainant was retaliated against in several ways. Defendants engaged in a series of harassing and retaliatory acts, including but not limited to:

A. Trying to force Complainant to reimburse Defendant Hospital for previous work-related attorney's fees in the amount of $15,000 that had been paid by Defendant Hospital pursuant to her employment contract;

B. Denying her pay for hours worked at home which had been authorized and done by Complainant on a routine basis to complete her charts (while allowing other employees to continue working from home when needed);

C. Requiring her to get a doctor's excuse for four hours of Paid Time Off when the employment policy only required a written excuse if the absence exceeded 48 hours;

D. Repeatedly ignoring her requests for personnel information about her pay and hours;

E. Harassing her when she had Covid, stating she needed to go to the Hospital lab and get a positive test confirmation even though she had proof of two positive home tests and when no employment policy required a lab result;

F. Directing the Clinic Assistant Director Stacey Sandige to run several reports on Complainant in an effort to find a reason to terminate her. Soon thereafter, Ms. Sandige quit due to hostile work environment.

13.

The pattern of harassing and retaliatory actions by Defendants culminated with Complainant's termination on January 12, 2023. On or about January 10, 2023, Complainant was provided Defendant Hospital's drug testing policy disclosure and consent form. This policy was not authorized by the Hospital Board nor was it in the employee policy and procedure manual. The consent form stated that Complainant could not hold Defendant Hospital or the third-party lab liable for disclosure of test results. After researching state law, on January 11, 2023, Complainant submitted to Defendant Hospital a signed form with an objection to the portion of the consent regarding the liability release because it was not in compliance with state law. Defendant Hospital threatened to terminate Complainant if she did not sign the consent form. Complainant asked for additional time to consult her attorney, and Defendant Perry consented. However, on January 12, 2023, Complainant was made aware by other employees that she was no longer employed, and her attempts to contact Defendant Perry and other managers went unanswered. On January 14, 2023, she received a certified letter stating she had been terminated. The alleged reasons were for not signing the consent form and not clocking out on January 11, 2023, her last day of employment. Several employees who had not yet signed the consent form were not terminated. Moreover, several employees have failed to clock out and were not terminated. Before her termination, Complainant had received positive performance evaluations and patient reviews. She never received a write-up and always received the 4% maximum annual raise.

14.

After her termination, Complainant continued to assist governmental authorities in their investigations of unlawful activity. Investigations are still ongoing. Upon information and belief, NP Ross was suspended indefinitely from working anywhere that Medicaid/Medicare is accepted.

Upon information and belief, Defendant Hospital's clinic has not received any reimbursements from Medicaid/Medicare pending investigation results.

15.

RSU Indemnity Company issued one or more policies of liability insurance to Defendant(s) which covers the damages suffered by Complainant as a result of Defendants' actions.

## COUNT I

16.

By retaliating against Complainant because she in good faith complained about, opposed, and refused to participate in unlawful conduct by Defendants and their agents and disclosed such conduct to governmental authorities and participated in investigations regarding same, Defendants violated Complainant's civil and constitutional rights, pursuant to the 1st and 14th Amendments to the U.S. Constitution, for which she seeks redress through 42 U.S.C. §1983.

17.

At all times pertinent hereto, Defendants were persons acting under color of state law within the meaning and intent of 42 U.S.C. §1983.

18.

At all times pertinent hereto, Complainant enjoyed clearly established rights to report and oppose unlawful conduct by Defendants and its agents and employees, all as guaranteed pursuant to the 1st Amendment to the U.S. Constitution. In addition, Complainant enjoyed clearly established rights to disclose unlawful conduct to governmental authorities and participate in investigations by such entities. Defendants' retaliation against Complainant abridged, impaired, and interfered with Complainant's clearly established rights of free speech and association under the 1st Amendment.

19.

Furthermore, Complainant enjoyed clearly established rights to Equal Protection of the Laws, as guaranteed by the 14th Amendment to the U.S. Constitution. Defendants violated these rights by taking adverse employment actions against her because she reported and opposed illegal conduct and participated in governmental investigations regarding same. There was no legitimate governmental interest served by this unconstitutionally differential treatment.

## COUNT II

20.

By retaliating against Complainant because she in good faith complained about, opposed, and refused to participate in unlawful conduct by Defendants and their agents and disclosed such conduct to governmental authorities and participated in investigations regarding same, Defendants violated the False Claims Act anti-retaliation provision, 31 U.S.C. §3730(h), and the corresponding Louisiana provision, La. R.S. § 46:439.1; and Louisiana anti-reprisal law, La. R.S. 23:967.

## COUNT III

21.

Through the conduct described herein, Defendants conspired to deprive Complainant of equal protection under the law, in violation of 42 U.S.C. §1985.

## COUNT IV

22.

Defendants have engaged in intentional retaliation and with malice and/or reckless indifference to the federally protected rights of Complainant, and thus are liable for punitive damages.

## COUNT V

23.

By terminating Complainant without cause and without proper notice, Defendants breached the employment contract in violation of Louisiana law.

## COUNT VI

24.

Complainant is entitled to and desires an award of attorney's fees and costs against Defendants pursuant to 42 U.S.C. §1988, 31 U.S.C. §3730(h), La. R.S. § 46:439.1, and La. R.S. 23:967.

## JURY DEMAND

25.

Complainant is entitled to and seeks a trial by jury of this matter.

## PRAYER FOR RELIEF

26.

As a result of the incidents sued upon herein, Complainant is entitled to and seeks all damages described herein, including but not limited to:

a) Severe emotional and mental anguish, anxiety, depression, humiliation, embarrassment and loss of enjoyment of life;

b) Past and future medical expenses;

c) Double back pay, including wages and benefits;

d) Reinstatement, or in lieu thereof, front pay, including wages and benefits;

e) Punitive damages;

f) All costs and attorney's fees incurred in the prosecution of this matter; and

g) Interest from the date of judicial demand.

**WHEREFORE**, Complainant prays for trial by jury and after all legal delays and due proceedings are had, that judgment be rendered in Complainant's favor and against defendants, Madison Parish Hospital Service District d/b/a Madison Parish Hospital, Dr. Donald Perry (individually and in his official capacity), Felicia Williams (individually and in her official capacity), and RSU Indemnity Company, for all such damages as are reasonable under the premises, including lost wages and benefits, double back pay, reinstatement, front pay, special and compensatory damages, attorney's fees, punitive damages, all costs of these proceedings, interest thereon from the date of judicial demand until paid, and all such other relief to which Complainant is entitled at law or in equity.

Respectfully submitted:

WILLIAMSON, CAMPBELL & WHITTINGTON, LLC

/s/ Robert L. Campbell              .
**Robert L. Campbell – Bar No. 27986**
955 McClung Street
Baton Rouge, LA 70802
Tel: 225.383.4010
Fax: 225.383.4114
Robb@lawyerbatonrouge.com
*Counsel for Complainant, Stevie Burney*