**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

STEVIE BURNEY

VERSUS

MADISON PARISH HOSPITAL
SERVICE DISTRICT ET AL

CASE NO.  3:23-CV-1779

JUDGE TERRY A. DOUGHTY

MAG. JUDGE KAYLA D.
MCCLUSKY

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. No. 50] filed by Defendant, RSUI Indemnity Corp. ("RSUI"). Plaintiff, Stevie Burney ("Burney"), filed no response to the Motion. For the following reasons, RSUI's Motion is **GRANTED**.

### I.    Background

Burney filed this suit against Defendants, Madison Parish Hospital Service District d/b/a Madison Parish Hospital ("MPH"), Dr. Donald Perry ("Dr. Perry"), Felicia Williams ("Williams"), and RSUI, claiming they violated her federal and state constitutional and statutory rights when she worked at MPH.[1] RSUI issued MPH's insurance policy, NON-PROFIT ORGANIZATION MANAGEMENT LIABILITY POLICY No. PP699045 ("the Policy").[2] The Court previously narrowed Burney's dispute to two claims—a federal First Amendment retaliation claim against Dr. Perry and Williams, and a state anti-reprisal claim against MPH.[3]

---

[1] [Doc. No. 26, ¶¶ 16–23].
[2] [Id. at ¶ 2D]; [Doc. No. 43-4, pp. 1–2].
[3] *See* [Doc. No. 29, pp. 21–23, 27–28]; [Doc. No. 34].

RSUI later filed its first motion for summary judgment, claiming it exhausted its liability under the Policy.[4] The Court granted that motion in part and denied it in part.[5] RSUI now files this Second Motion for Summary Judgment, seeking to resolve the question, which the Court did not grant in its first motion: whether it has fully exhausted its liability under the Policy.[6]

The parties briefed all relevant issues, and the matter is ripe.

## II.    Law and Analysis
### A.    Standard of Review

A court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the movant meets their initial burden of showing no genuine issue of material fact, "the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (citation modified). A fact is "material" when proof of its existence or nonexistence would affect the lawsuit's outcome under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgement." *Id.* at 247–48. And a dispute about a material fact is "genuine" only if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

---

[4] [Doc. No. 43].
[5] [Doc. No. 49].
[6] [Doc. No. 50].

While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). But summary judgment is appropriate when the evidence is "merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249 (1986) (citation modified).

Moreover, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation modified). Courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

Finally—and importantly—there can be no genuine dispute as to a material fact when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof of trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

For unopposed summary judgment motions, the Fifth Circuit says more. A "motion for summary judgment cannot be granted simply because" it is unopposed. *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435 (5th Cir. 2014) (per curiam) (quoting *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). But courts may grant the motion "if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Id.*

Thus, the movant must still establish "that there is no genuine issue of material fact; and, unless that party does so, a court may not grant the motion, regardless [of] whether any response is filed." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012). "Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment." *Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases).

Courts also have no obligation to "sift through the record in search of evidence" that supports the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Finally, while courts "need consider only the cited materials," they may also "consider other materials in the record." FED. R. CIV. P. 56(c)(3).

### B.    Merits

In its ruling on the first motion for summary judgment filed by RSUI, the Court noted that only the Policy's Employment Practices Liability ("EPL") coverage section applies to Burney's claims.[7] That coverage section has a $1,000,000 individual "Limit of Liability."[8] Defense expenses, defined by the Policy as "reasonable and necessary legal fees and expenses incurred . . . by [MPH] in defense of a Claim" against MPH, are also a part of each section's Limit of Liability.[9] And RSUI's "duty to defend [MPH] and pay [MPH's] Defense Expenses ends upon exhaustion of the Limit of Liability."[10]

---

[7] [Doc. No. 49, pp. 6–11].
[8] [Doc. No. 43-4, pp. 3–5].
[9] [Id. at p. 8]; [Id. at p. 21].
[10] [Id. at p. 10].

So, put differently, once RSUI pays $1,000,000 for claims under the EPL coverage section, its duty under that coverage section of the Policy ends.

In this Motion, RSUI again argues it has exhausted the EPL coverage section's Limit of Liability by way of its settlement payments in *Topolewski v. Police Jury et al.*, No. 23-CV-258 (W.D. La.) ("*Topolewski* suit").[11] This time, however, RSUI filed several affidavits and exhibits with its Motion, which, it argues, shows RSUI has exhausted its $1,000,000 Limit of Liability.[12] The Court examines each.

First, is the Declaration of Matthew McCluer.[13] In it, declarant, Matthew McCluer, admits, among other things, that (1) he defended RSUI in the *Topolewski* suit; (2) pursuant to the settlement agreement in that case, he issued that plaintiff's attorneys a check for $876,821.73 on or about August 28, 2025; and the plaintiff's attorneys received that check.[14] Furthermore, RSUI attached, as an exhibit to the Declaration of Matthew McCluer, the settlement agreement in the *Topolewski* suit.[15] Per that document, RSUI and MPH agreed to pay the suit's plaintiff $975,000 for his claims, all of which fall under the EPL coverage section.[16]

Second, is the Declaration of Robert Hennelly, Jr.[17] In it, the declarant, Robert Hennelly, Jr., acknowledges that (1) RSUI employed him as Vice President, Management Liability Claims Unit Leader; (2) he had personal knowledge of the Policy and EPL coverage section-based claims raised under it in the *Topolewski* suit;

---

[11] [Doc. No. 50-1, pp. 5–8].
[12] [Doc. Nos. 57; 58; 58-1].
[13] [Doc. No. 58].
[14] [Id. at ¶¶ 4–5, 7–9].
[15] [Doc. No. 58-1].
[16] [Id. at pp. 1–2].
[17] [Doc. No. 57].

and (3) had personal knowledge of the $1,000,000 RSUI paid to settle that suit, including the settlement check paid to the plaintiff and the itemized expenses associated with that suit.[18] RSUI also attached, as exhibits to the Declaration of Robert Hennelly, Jr., the settlement check paid to the plaintiff in the *Topolewski* suit, and the itemized expenses associated with that suit.[19]

All these exhibits show that RSUI undisputably paid, in the *Topolewski* suit, $1,000,000 to defend EPL-based claims brought, in that suit, against MPH. In doing so, RSUI exhausted its individual Limit of Liability under the EPL coverage section, and, thereby, fulfilled all its obligations under the Policy. As such, RSUI has shown, to the Court's satisfaction, that there is no genuine dispute of material fact as to its lack of ongoing liability under the Policy, and that it is entitled to judgment as a matter of law.

### III.    Conclusion

For all these reasons,

**IT IS ORDERED**, **ADJUDGED**, **AND DECREED** that Defendant RSUI's Motion for Summary Judgment [Doc. No. 50] is **GRANTED**, and Plaintiff Burney's claims against RSUI are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 21st day of April 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[18] [Id. at ¶¶ 7–8, 15–16].
[19] [Id. at pp. 7, 10].